IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 02-815-01 |
| JAMAL EZELL | : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

I.   **INTRODUCTION**

On December 17, 2002, a federal grand jury for the Eastern District of Pennsylvania returned a 12-count indictment charging the defendant with six counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951)(Counts 1, 3, 5, 7, 9 and 11), six counts of using and carrying and aiding and abetting the using and carrying of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2 (Counts 2, 5, 6, 8, 10 and 12).

On May 6, 2005, the defendant was adjudged guilty by a jury on all 12-counts of the indictment.

II.   **STATUTORY MAXIMUM SENTENCE**

   A.   **Statutory**

A violation of 18 U.S.C. § 1951 (interference with commerce by robbery) carries a maximum penalty of 20 years imprisonment, 3 years of supervised release, $250,000 fine and a $100 special assessment.

A violation of 18 U.S.C. § 924(c)(using and carrying a firearm during a crime of violence) carries a mandatory minimum penalty of 7 years imprisonment up to lifetime imprisonment, 5

years supervised release, a $250,000 fine and a $100 special assessment. The term of imprisonment under 18 U.S.C. § 924(c) may not be served concurrently with any other term of imprisonment.

In the case of a second or subsequent conviction under 18 U.S.C. § 924(c) the defendant faces a mandatory minimum penalty of 25 years imprisonment up to lifetime imprisonment, which may not be served concurrently with any other term of imprisonment, 5 years supervised release, a $250,000 fine and a $100 special assessment.

Therefore, the defendant faces a total statutory maximum penalty of life imprisonment, which includes a mandatory minimum of 132 years imprisonment, $3,000,000 fine, 5 years of supervised release, and a mandatory special assessment of $1,200. Full restitution may also be ordered.

If supervised release is revoked, the original term of imprisonment may be increased by 5 years in the case of a Class A felony. Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

### III.     OFFENSE CONDUCT

The government agrees with the offense conduct set forth in the Presentence Report.

### IV.     GUIDELINES CALCULATIONS

The government agrees with the calculations of the Sentencing Guidelines set forth in the Presentence Report. According to the Presentence Report the defendant's total offense level is 27 and his criminal history category is IV, resulting in a guideline range for imprisonment of 100 to 125 months plus an 84 month consecutive sentence on Count Two and a 300 month consecutive

sentence on Count Four, Six, Eight, Ten and Twelve, respectively.  Thus, the applicable guideline range for imprisonment on all counts is 1,684 to 1,709 months.

V.	**SENTENCING RECOMMENDATION**

As set forth in the Presentence Report, with an offense level of 27 and a criminal history category of IV, defendant falls within the sentencing range of 100 to 125 months plus an 84 month consecutive sentence of Count Two and a 300 month consecutive sentence on Count Four, Six, Eight, Ten and Twelve, respectively.  The government respectfully recommends that the Court impose a period of incarceration within this Guidelines range.  Such a sentence would recognize the seriousness of defendant's aggregious offense conduct, the defendant's criminal recidivism, and his history of probation and parole violations.

Furthermore, the government respectfully reserves the right to supplement or amend this recommendation if necessary or appropriate in light of any submission by the defendant.

>Respectfully submitted,
>
>PATRICK L. MEEHAN
>United States Attorney
>
>_____
>JEFFERY W. WHITT
>JOAN E. BURNES
>Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Government's Sentencing Memorandum has been served via first class mail and facsimile upon counsel for defendant as follows:

>Christopher D. Warren, Esquire
>1604 Locust Street
>Suite 2R
>Philadelphia, PA 19103

>JEFFERY W. WHITT
>JOAN E. BURNES
>Assistant United States Attorneys

Dated: _____